IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JORDAN | | PLAINTIFF |
| VERSUS | | CAUSE NO: 2:16cv70-KS-MTP |
| WAYNE COUNTY, MISSISSIPPI and SHERIFF JODY ASHLEY in his individual and Official capacity | | DEFENDANTS |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 17 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW, Michael Jordan, hereinafter "Jordan," by and through undersigned counsel, and makes this, his Complaint against named Defendants, and would show unto the Court the following, to wit:

### PARTIES

1. Plaintiff is a resident citizen of Wayne County, Mississippi who may be contacted through undersigned counsel.

2. Defendant Wayne County is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 609 Azalea Drive, Waynesboro, Mississippi, 39367.

3. Defendant, Jody Ashley is sheriff of Wayne County, Mississippi who may be served with process at 613 Court Street, Waynesboro, Mississippi, 39367.

## **JURISDICTION AND VENUE**

4. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in Wayne County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located. The misconduct complained of herein arose in Wayne County, Mississippi. Jurisdiction of the parties and of the subject matter of this action are proper in this Court.

5. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 4th and 14th Amendments to the United States Constitution.

## **FACTUAL ALLEGATIONS**

6. Defendant Ashley ran for sheriff during the Wayne County sheriff election in 2015.

7. During the campaign, Defendant Ashley called and visited with Jordan in an attempt to garner Jordan's support during the election. Jordan supported another candidate for sheriff.

8. Defendant Ashley won the election and took office in January of 2016.

9. Since taking office, Defendant Ashley has verbally harassed and berated persons who refused to support Defendant Ashley in his election.

10. Since taking office, Defendant Ashley has undertaken a campaign to violate citizen's constitutional rights through unlawful searches and seizures and providing false and/or misleading information to news and media outlets regarding Defendant Ashley's exploits.

11. On or about March 14, 2016 Jordan was driving his easily recognizable truck on his way to his office in Waynesboro, Mississippi.

12. Approximately one half mile from Jordan's office, Jordan encountered Defendant Ashley at a stop sign.

13. Jordan proceeded through the stop sign and Ashley pulled in behind Jordan and initiated a stop of Jordan.

14. During the stop, Defendant Ashley stated that Jordan had "swerved" while driving and that as a result, Defendant Ashley stated that he was going to search the truck driven by Jordan.

15. During the stop, Defendant Ashley treated Jordan like a criminal, never acknowledging Jordan or any past relationship.

16. Jordan stated that he would not allow Defendant Ashely to search the truck, at which time Defendant Ashley stated that Jordan could either allow the search of the vehicle or go to jail.

17. Defendant Ashely has no probable cause to search Jordan's truck.

18. Defendant Ashley called a number of officers to assist in the search of the truck, attracting a number of onlookers from neighboring businesses, humiliating and embarrassing Jordan under color of state law.

19. Defendant Ashley found no drugs or any other sort of contraband in the truck.

20. Jordan was not given any citations by Defendant Ashely or any other officer.

21. This unlawful stop and search, and the spectacle flowing therefrom, was in retaliation for Jordan not supporting Defendant Ashley in the election, as evidenced by Defendants' actions towards other persons who chose not support Defendant Ashely during the election.

## ALLEGATIONS OF LAW

22. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

23. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Wayne County.

24. It is the custom and policy of all Defendants to violate the constitutional rights of individuals in Wayne County, as complained of herein.

25. It is the policy and practice of the Defendants to violate the civil rights of, in and around the area of Waynesboro, Mississippi where the unlawful search and seizure occurred.

26. Defendants' actions were in bad faith and were intended and designed to punish Plaintiff.

27. At all times relevant to this action, Plaintiff's rights were clearly established. At all times relevant to this action, Defendants violated Plaintiff's constitutional rights.

28. Defendant Ashley is a final policy maker for Wayne County, Mississippi.

29. Defendants' actions evidence malice and/or constitute willful misconduct.

30. As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had their liberty and privacy interests severely impacted.

### FIRST CAUSE OF ACTION – 42 U.S.C. § 1983
**Fourteenth Amendment – Unlawful Search/Seizure; Deprivation of Due Process/Equal Protection**

31. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

32. The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiffs' right to be free from an unlawful search and seizure of his person and property.

33. Defendants had an affirmative duty to prevent such intrusions.

34. Defendants, acting without authority, knowingly conducted an illegal search and seizure.

35. Plaintiff has an established constitutional right to be free from an unlawful search and seizure.

36. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourteenth Amendment, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## SECOND CAUSE OF ACTION – 42 U.S.C. § 1983
## DUE PROCESS – FREEDOM OF SPEECH

37. Plaintiff incorporates by reference each of preceding paragraphs as if they had been fully restated herein.

38. The Defendants retaliated against Plaintiff for supporting a different candidate in the 2015 sheriff election.

39. Defendant Ashley has harassed and berated other persons who did not support his run for sheriff.

40. The Defendants have no good faith basis for the retaliatory stop and search of Jordan.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Fourteenth Amendments to the United States Constitution

3. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5. Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6. Punitive damages for all claims allowed by law in an amount to be determined at trial;

7. Pre-judgment and post-judgment interest at the highest lawful rate;

8. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 19th day of May, 2016.

**MICHAEL JORDAN**
PLAINTIFF

_____
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net