IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHEN DISTRICT OF MISSISSIPPI
EASTERN DIVISON

MICHAEL JORDAN                                                                                   PLAINTIFF

VERSUS                                                              CAUSE NO.: 2:16-cv-70-KS-MTP

WAYNE COUNTY, MISSISSIPPI and
SHERIFF JODY ASHLEY in his individual and
Official capacity                                                                              DEFENDANTS

**WAYNE COUNTY, MISSISSIPPI AND SHERIFF JODY
ASHLEY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Come now Wayne County, Mississippi, and Sheriff Jody Ashley, in his individual and official capacities, and in response to Plaintiff's Complaint would show unto the Court as follows:

**FIRST DEFENSE**

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendants invoke all privileges, restrictions, limitations and immunities of Mississippi Tort Claims Act ("MTCA") Miss. Code Ann. § 11-46-1, *et seq*

including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## FOURTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## FIFTH DEFENSE

Sheriff Ashley is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, Sheriff Ashley would affirmatively assert that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and, at all times, his conduct was objectively reasonable.

## SIXTH DEFENSE
## ADMISSIONS AND DENIALS
## COMPLAINT

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

## PARTIES

1. Answering defendants, upon information and belief, admit the allegations of paragraph 1 of Plaintiff's Complaint.

2. Answering defendants admit the allegations of paragraph 2 of Plaintiff's Complaint.

3. Answering defendants admit that Jody Ashley is the duly-elected sheriff of Wayne County, Mississippi who may be served in accordance with Rule 4 of the Federal Rules of Civil Procedure. Answering defendants deny the remaining allegations of paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4. Answering defendants admit that the Court has jurisdiction over the instant cause of action and that venue is proper. Answering defendants deny the remaining allegations of paragraph 4 of Plaintiff's Complaint.

5. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Complaint as stated.

## FACTUAL ALLEGATIONS

6. Answering defendants admit the allegations of paragraph 6 of Plaintiff's Complaint.

7. Answering defendants deny the allegations of paragraph 7 of Plaintiff's Complaint, as stated.

8. Answering defendants admit the allegations of paragraph 8 of Plaintiff's Complaint.

9. Answering defendants deny the allegations of paragraph 9 of Plaintiff's Complaint.

10. Answering defendants deny the allegations of paragraph 10 of Plaintiff's Complaint.

11. Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 11 of Plaintiff's Complaint and, as such, deny the same.

12. Answering defendants admit that Sheriff Ashley encountered Plaintiff during a traffic stop. Answering defendants Answering defendants deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13. Answering defendants admit that Sheriff Ashley made a traffic stop of Plaintiff's vehicle. Answering defendants deny the remaining allegations of paragraph 13 of Plaintiff's Complaint.

14. Answering defendants admit that Plaintiff swerved and that Sheriff Ashley made a traffic stop on Plaintiff. Answering defendants deny the remaining allegations of paragraph 14 of Plaintiff's Complaint.

15. Answering defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering defendants deny the allegations of paragraph 16 of Plaintiff's Complaint.

17. Answering defendants deny the allegations of paragraph 17 of Plaintiff's Complaint.

18. Answering defendants deny the allegations of paragraph 18 of Plaintiff's Complaint.

19. Answering defendants deny the allegations of paragraph 19 of Plaintiff's Complaint, as stated.

20. Answering defendants admit the allegations of paragraph 20 of Plaintiff's Complaint as stated.

21. Answering defendants deny the allegations of paragraph 21 of Plaintiff's Complaint.

## ALLEGATIONS OF LAW

22. Answering defendants reassert and incorporate by reference all admissions and denials set forth in the preceding paragraphs as if fully restated herein.

23. Answering defendants deny the allegations of paragraph 23 of Plaintiff's Complaint.

24. Answering defendants deny the allegations of paragraph 24 of Plaintiff's Complaint.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiff's Complaint.

27. Answering defendants deny the allegation of paragraph 27 of Plaintiff's Complaint.

28. Answering defendants admit that Sheriff Ashley can be a final policymaker for Wayne County, Mississippi insofar as law enforcement activities are concerned. Answering defendants deny the remaining allegations of paragraph 28 of Plaintiff's Complaint.

29. Answering defendants deny the allegations of paragraph 29 of Plaintiff's Complaint.

30. Answering defendants deny the allegations of paragraph 30 of Plaintiff's Complaint.

### FIRST CAUSE OF ACTION — 42 U.S.C. § 1983
### Fourteenth Amendment — Unlawful Search/Seizure; Deprivation of Due Process/Equal Protection

31. Answering defendants reassert and incorporate by reference all admissions and denials set forth in the preceding paragraphs as if fully restated herein.

32. Answering defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

33. Answering defendants deny the allegations of paragraph 33 of Plaintiff's Complaint, as stated.

34. Answering defendants deny the allegations of paragraph 34 of Plaintiff's Complaint.

35. Answering defendants deny the allegations of paragraph 35 of Plaintiff's Complaint, as stated.

36. Answering defendants deny the allegations of paragraph 36 of Plaintiff's Complaint.

As for the paragraph which commences, "WHEREFORE Plaintiff prays…," answering defendants deny the allegations contained therein and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION --- 42 U.S.C. § 1983
## DUE PROCESS—FREEDOM OF SPEECH

37. Answering defendants reassert and incorporate by reference all admissions and denials set forth in the preceding paragraphs as if fully restated herein.

38. Answering defendants deny the allegations of paragraph 38 of Plaintiff's Complaint.

39. Answering defendants deny the allegations of paragraph 39 of Plaintiff's Complaint.

40. Answering defendants deny the allegations of paragraph 30 of Plaintiff's Complaint.

As for the paragraph which commences, "WHEREFORE Plaintiff prays…," answering defendants deny the allegations contained therein and would affirmatively assert that Plaintiff is not entitled to any relief whatsoever.

## PRAYER FOR RELIEF

1-9. Answering defendants admit that the Court has jurisdiction over this matter. Answering defendants deny the remaining allegations of paragraphs 1-9 under the Prayer for Relief section of Plaintiff's Complaint.

## SEVENTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## EIGHTH DEFENSE

Answering defendants allege that they met or exceeded the requirements of law

and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

## NINTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## TENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned.  Additionally, the defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendants.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## ELEVENTH DEFENSE

To the extent applicable, answering defendants would assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## TWELFTH DEFENSE

To the extent applicable, answering defendants would assert that Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

## THIRTEENTH DEFENSE

Any allegation contained in the Complaint which is not specifically admitted herein is hereby denied.

## **FOURTEENTH DEFENSE**

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, answering defendants request that the same be dismissed and they be discharged with costs assessed against the Plaintiff.

**DATE:** June 21, 2016.

                                               Respectfully submitted,

                                               **WAYNE COUNTY,**
                                               **MISSISSIPPI AND SHERIFF**
                                               **JODY ASHLEY**

                                               BY:    <u>/s/William R. Allen</u>
                                                                 One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  jmalone@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

> Daniel M. Waide, Esq.
> Johnson, Ratliff & Waide, PLLC
> 1300 Hardy St.
> P.O. Box. 17738
> Hattiesburg, MS 39404
> dwaide@jhrlaw.net

This the 21st day of June, 2016.

>                               /s/*William R. Allen*
>                               OF COUNSEL