IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHEN DISTRICT OF MISSISSIPPI
EASTERN DIVISON

MICHAEL JORDAN                                                               PLAINTIFF

VERSUS                                                         CAUSE NO.: 2:16-cv-70-KS-MTP

WAYNE COUNTY, MISSISSIPPI and
SHERIFF JODY ASHLEY in his individual and
Official capacity                                                     DEFENDANTS

**WAYNE COUNTY, MISSISSIPPI AND
SHERIFF JODY ASHLEY'S MOTION *IN LIMINE***

  Come now, Wayne County, Mississippi and Sheriff Jody Ashley, in both his individual and official capacities, and move this Court for an order *in limine* to limit certain evidentiary matters during the course of the trial in this cause of action. In support of the same, the moving defendants would show:

**A. Limitation on Testimony Regarding Emotional and Mental Distress.**

  1. Plaintiff alleges that as a result of Defendant's conduct he suffered extreme emotional and mental distress. See *Pl's Resp. Int. No. 11,* responses attached hereto in their entirety as Exhibit A. Plaintiff further alleges, "The incident has caused me immense stress along with high blood pressure which has caused stress on my kidneys." *Pl's Resp. Int. No. 21.*

  2. The Case Management Order entered in this case gave Plaintiff until December 1, 2016, to designate an expert witness. *CM/ECF Doc. No. 5.* Plaintiff failed to do so.

3. To the extent that Plaintiff intends to testify as to the cause of his high blood pressure and/or "stress on" his "kidneys," Rule 701 of the Federal Rules of Evidence prevents him from doing so. In *Bridges v. Enter. Prod. Co.*, 2007 WL 571074, at *2 (S.D. Miss. Feb. 20, 2007) the Court held that that lay witnesses can only offer opinions that are "rationally based on the perception of the witness." (quoting Fed. R. Evid. 701). Such testimony regarding the etiology of his high blood pressure or kidney issues is highly complex, specialized knowledge requiring expert witness testimony pursuant to Rule 702 of the Federal Rules of Evidence. See *McGee v. Dolgencorp, LLC*, 2016 WL 5936885, at *3 (S.D. Miss. Oct. 12, 2016)("The law is clear that a lay witness may not testify as an expert and give expert testimony as to the character or extent of a personal injury which he has sustained.") (citation omitted).

4. Plaintiff's Response to Interrogatory No. 12 indicates that he was treated by Dr. Todd Stokley at Wayne General Hospital and Dr. Bryan Ripkins with Hattiesburg Clinic for injuries related to the incident about which he complains in his Complaint. *See Pl's Resp. Int. No. 12*. To the extent that Plaintiff intends to call them at trial, their testimony, as treating physicians, is limited to the facts and opinions contained in the treatment records. See *Previto v. Ryobi N. Am., Inc.*, 2010 WL 5185055, at *2 (S.D. Miss. Dec. 16, 2010)(limiting physician expert's testimony to facts and opinions contained within treatment records); see also *Duke v. Lowe's Homes Centers, Inc.*, No. 1:06CV207-P-D, 2007 WL 3094894, at *1 (N.D. Miss. Oct. 19, 2007)(limiting testimony of treating physicians to facts and opinions contained in plaintiff's medical records).

5. Notably, however, no opinions as to the causation of Plaintiff's high blood pressure or its effects are expressed in the medical records produced by Plaintiff during the course of discovery in this cause. See *Medical Records*, attached hereto as Exhibit B. Given that any testimony is limited to facts and opinions contained in Plaintiff's medical records and that no opinions are contained therein, Plaintiff should be limited from offering said medical records into evidence, as well as any testimony which details any cause, etiology, prognosis or the like at trial as to his high blood pressure or kidney problems.

6. Without any expert witness testimony linking Plaintiff's high blood pressure and/or kidney problems to the conduct of the Defendants, testimony regarding these conditions and the admission of medical records related to the same would merely confuse or mislead the jury—making it inadmissible under Fed. R. Evid. 403. The Court should limit Plaintiff's testimony as to mental and/or emotional distress accordingly.

B. **Limitation of Testimony Regarding Retaliation Claim.**

7. Plaintiff's Complaint alleges that since taking office Sheriff Ashley has "verbally harassed and berated person who refused to support" him "in his election." *Compl.* ¶ 9. He further alleged "Defendants retaliated against Plaintiff for supporting a different candidate in the 2015 sheriff election" and that "Ashley has harassed and berated other persons who did not support his run for sheriff." *Id.* at ¶ 38.

8. Plaintiff's Response to Interrogatory No. 1 identified Wayne Hollifield as a potential witness at trial in this matter who would testify as to Sheriff Ashley's

harassment of constituents who did not support Ashley in his election. *Pl's Resp. to Int. Nos. 1, 17.*

9. Plaintiff also indicated that Sheriff Ashley "called" a "Chris Huntley, a local business owner" and harassed him due to his lack of support of Sheriff Ashley in the election. *Pl's Resp. to Int. No. 17.*

10. During the summary judgment phase of this cause, however, Plaintiff conceded that "discovery had not shown sufficient evidence" for Plaintiff to proceed on his First Amendment claim against Defendants. See *CM/ECF Doc. No. 31,* p. 2.

11. Accordingly, the Court should limit testimony by any witness, including but not limited to Plaintiff and Mr. Hollifield, on the subject of retaliation by Defendants for their lack of support of Sheriff Ashley during the election. Notably, Plaintiff did not list Chris Huntley as a potential witness at trial in Response to Defendants' Interrogatory No. 1, and as such, any testimony regarding Ashley's alleged harassment of Mr. Huntley would also be also be inadmissible hearsay under Rule 802 of the Federal Rules of Evidence, for which no recognized hearsay exception exists under Rules 803 or 804. See *Pl's Resp. to Int. No. 1.*

C. **Limitation of Testimony Regarding False or Misleading Media Reports.**

12. Plaintiff's Complaint alleges that Ashley has "undertaken a campaign to violate citizens' constitutional rights through unlawful searches and seizures and providing false and/or misleading information to news and media outlets regarding Defendant Ashley's exploits." *CM/ECF Doc. No. 1*, *Compl.* ¶ 10.

13. In response to Defendants' Interrogatory No. 18, which asks Plaintiff to describe in detail the factual basis for this allegation, Plaintiff responded with one instance where ninety (90) pounds of marijuana was reportedly found during a traffic stop, where in all actuality only seventy (70) pounds were found. Plaintiff cites a second alleged report where thirty (30) pounds were found of marijuana were found in an abandoned vehicle without providing any factual basis for how this report was false. See *Pl's Resp to Int. No. 18.*

14. This evidence is inadmissible under Fed. R. Evid. 401, inasmuch it is not relevant to Plaintiff's claims because Plaintiff has not alleged or demonstrated that there were any false or misleading reports made to the media by Ashley or any Wayne County employee regarding his traffic stop. Plaintiff also fails to establish personal knowledge of the aforementioned incidents, and as such, such testimony is also inadmissible under Fed. R. Evid. 602. Accordingly, testimonial evidence regarding false or misleading reports to the media should not be allowed by the Court.

WHEREFORE, PREMISES CONSIDERED, for the reasons outlined and authorities cited hereinabove, the moving defendants respectfully request this Court to enter an Order limiting certain evidentiary matters related to Plaintiff's medical records and/or testimony regarding his emotional distress, to Plaintiff's retaliation claim, and to Plaintiff's allegation that Defendants have exhibited a practice of providing false reports to the media related to seizures.

**DATE:** **June 30, 2017.**

Respectfully submitted,

**WAYNE COUNTY, MISSISSIPPI AND SHERIFF JODY ASHLEY**

BY: /s/*William R. Allen*
One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegl.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Motion *in Limine* with the Clerk of the Court using the ECF system which gave notice of same to the following:

> Daniel M. Waide, Esq.
> Johnson, Ratliff & Waide, PLLC
> 1300 Hardy St.
> P.O. Box. 17738
> Hattiesburg, MS 39404
> dwaide@jhrlaw.net

This the 30th day of June, 2017.

/s/*William R. Allen*
OF COUNSEL