# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

MICHAEL JORDAN                                      PLAINTIFF

v.                                   CIVIL ACTION NO. 2:16-CV-70-KS-MTP

WAYNE COUNTY, MISSISSIPPI, *et al.*                DEFENDANTS

## <u>ORDER</u>

The Court **grants in part and denies in part** Defendants' Motion in Limine [36] as provided below.

### A.    *Emotional Distress*

First, Defendants argue that Plaintiff should be barred from testifying as to the cause of his alleged high blood pressure and/or stress on his kidneys. In response, Plaintiff argues that he should be permitted to offer a lay opinion that the traffic stop caused his high blood pressure, kidney stress, and headaches.

"The distinction between lay and expert testimony is that lay testimony results from a process of reasoning familiar in everyday life, whereas expert testimony results from a process of reasoning that can only be mastered by specialists in the field." *United States v. York*, 600 F.3d 347, 360-61 (5th Cir. 2010). Accordingly, lay witnesses may not provide opinions which "require[] specialized medical knowledge." *Id.* at 361. But, assuming Rule 701's requirements are met, a lay witness can provide opinion testimony as to mental state. *See United States v. Heard*, 709 F.3d 413, 422 (5th Cir. 2013). In fact, this Court has permitted lay witnesses to provide limited opinion

testimony as to causation of emotional stress and resulting headaches and upset stomachs. *See Ishee v. Fannie Mae*, No. 2:13-CV-234-KS-MTP, 2014 U.S. Dist. LEXIS 165910, at *1-*4 (S.D. Miss. Nov. 26, 2014).

Therefore, assuming that Rule 701's requirements are met, Plaintiff may provide opinion testimony as to the causation of his stress. He may also provide opinion testimony as to the causation of his headaches. *See id.* However, opinion testimony regarding the causation of high blood pressure and kidney problems is a step too far, requiring specialized knowledge and more than simple *post hoc ergo propter hoc* reasoning. *Cf. Edmonds v. Ill. C.G.R. Co.*, 910 F.2d 1284, 1287 (5th Cir. 1990) (proposed expert's opinion that stress caused heart problems had insufficient basis where he did not conduct medical tests, was not qualified as expert in medicine). Therefore, while Plaintiff may provide fact testimony regarding his high blood pressure and kidney problems (i.e. when he was diagnosed, the frequency of occurrence, whether he has suffered such symptoms in past), he may not provide any opinion as to their cause(s).[1]

Defendants also argue that Plaintiff's treating physicians' testimony should be limited because they were not designated as expert witnesses. Plaintiff did not respond

---

[1]Plaintiff also argues that he should be permitted to provide lay opinions as to causation of his high blood pressure and kidney problems because the doctrine of *res ipsa loquitur* applies. For this doctrine to apply, Plaintiff must prove, among other things, that "the causation basis is within the common knowledge of laymen . . . ." *Savage v. Pilot Travel Ctrs., LLC*, 464 F. App'x 288, 291 (5th Cir. 2012). For the same reasons provided herein, the Court finds that the causation basis of Plaintiff's high blood pressure and kidney problems are not within the common knowledge of laymen.

to this argument, and the parties have not fully briefed it. The Court will address it at trial.

In the meantime, the Court advises the parties' counsel to take note of the Court's prior rulings in similar situations. *See, e.g. Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 104182, at *2-*6 (S.D. Miss. July 6, 2017). In summary, Rule 26's designation requirement applies to all expert witnesses, including treating physicans. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). But treating physicians are not required to submit an expert report. See FED. R. CIV. P. 26(a)(2)(B). If a treating physician designated as an expert does not submit a report, their testimony is limited to those facts and opinions in their disclosed medical records. *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114, at *3 (S.D. Miss. Sept. 11, 2016). If a treating physician is not designated as an expert, they may not provide any testimony within the scope of Rule 702. *Walker*, 2017 U.S. Dist. LEXIS 104182 at *6. They may only testify as a fact witness. *Id.*

## B. *Retaliation*

Defendant argues that the Court should exclude any testimony by any witness on the subject of retaliation for lack of support during an election. Plaintiff does not object to this aspect of Defendant's motion, and the Court grants it as unopposed.

## C. *Media Reports*

Finally, Defendant argues that the Court should exclude evidence of certain media reports regarding traffic stops by the Wayne County Sheriff's Department. Plaintiff has no objection to this aspect of Defendant's motion, and the Court grants it

as unopposed.

SO ORDERED AND ADJUDGED this __13th__ day of __July____, 2017.


___s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE